IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re INACOM CORP., *et al.*,

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors,[1]<br><br>                    Plaintiff,<br>v.<br><br>SIEMENS DEMATIC CORP. f/k/a RAPISTAN DEMATIC CORP.,<br><br>                    Defendant. | Civil Action No. 04-599 GMS<br><br>Adversary Case No. 02-04438 (PJW)<br>Bankruptcy Case No. 00-2426 (PJW) |

## **FINAL PRETRIAL ORDER**

This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16 and Jeffrey P. Nolan of Pachulski, Stang, Ziehl, Young, Jones & Weintraub located at 10100 Santa Monica Blvd., Suite 1100, Los Angeles, CA 90067, (310) 277-6910 and Sandra G. McLamb of Pachulski, Stang, Ziehl, Young, Jones & Weintraub located at 919 North Market Street, 16th Floor, Wilmington, DE 19801 (302) 652-4100 having appeared as counsel for plaintiff INACOM CORPORATION, as represented by the duly authorized Liquidating Trustee ( "Plaintiff or Debtor") and , SIEMENS LOGISTICS AND ASSEMBLY SYSTEMS, INC. (f/k/a SIEMENS DEMATIC CORP.) ("Defendant") with , as represented by the duly authorized Liquidating Trustee and Stephen Grow of Warner Norcross & Judd LLP,

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

located at 1201 Orange Street, Suite 1400, Wilmington, DE 19899, (616) 752-2000, having appeared as counsel for defendant(s), the following actions were taken:

(1) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. On June 16, 2000 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only, and are being jointly administered pursuant to an order of this Court.

(2) This is an adversary action initiated under 11 U.S.C. § 547 against the Defendant for receipt of preferential transfer(s). The matter was removed from the United States Bankruptcy Court for the District of Delaware in September 2004. Jurisdiction is not disputed.

(3) The following stipulations and statements were submitted and are attached to and made a part of this Order.

    (a) <u>Subject Transfers</u>

    The stipulated facts are as follows:

        (i) Attached hereto as <u>Exhibit A</u> are the transfers by date and amount made from the Debtor to the Defendant

        (ii) Debtor made the two transfers (the "Transfers") to the Defendant in the amount of $541,866.24 within the 90 days prior to the petition date

(iii) The Transfer were payments made on account of an antecedent debt.

(iv) The Debtor and Defendant entered into a February 5, 1999 construction contract whereby Defendant was to install a material handling system at the Debtor's facility located at 7520 Georgetown Road, Indianapolis, Indiana ("Indianapolis Facility").

(v) Debtor sold its distribution business, including the Indianapolis Facility by Asset Purchase Agreement dated January 4, 2000, to a subsidiary of Compaq which became effective February 16, 2000

(vi) Defendant did not record a mechanic's lien against the real property or material handling system they constructed.

(b) <u>CONTESTED ISSUES/FACTS</u>

(i) Whether the Transfer enabled Defendant to receive more than it would have received if the Debtors' were a case under Chapter 7, if the Transfers had not been made, and Defendant received payment on the debt to the extent provided by 11 U.S.C. 547.

(ii) Whether the Transfer was made in the ordinary course of business or financial affairs of the Debtors and Defendant pursuant to 11 U.S.C. § 547(c)(2)(B).

(iii) Whether the Transfer was made according to ordinary business terms pursuant to 11 U.S.C. § 547(c)(2)(C).

(iv)   Whether the transferred funds constituted property of the estate pursuant to 11 U.S.C. § 541, or are trust funds held for the benefit of Defendant and other contractors pursuant to the Michigan Builders Trust fund Act.

(v)    Whether the transfer was intended to be a contemporaneous exchange for new value and whether the transfer was, in fact, a contemporaneous exchange pursuant to 11 U.S.C. § 547(c)(1);

(vi)   Whether Defendant gave new value to or for the benefit of the debtor pursuant to 11 U.S.C. § 547(c)(4)Does the elimination of an unsecured claim against the bankruptcy estate enlarge the estate for the purposes of Defendant's "new value" defense?

(vii)  Whether Defendant's statutory lien rights and all transfers made in satisfaction of such liens are unavoidable pursuant to 11 U.S.C. 547(c)(6).

(viii) Is it relevant to Defendant's new value defense whether the Defendant might have been assured payment in full from another source other than the Debtor?

(ix)   For the purposes of interpretation of any claimed mechanics lien, the law of what jurisdiction is to be utilized.

(x)    Whether the Third Circuit recognizes inchoate lien rights, *i.e.* liens that were not recorded but were relinquished.

(xi)   Whether Defendant's statutory lien rights, and all transfers made in satisfaction of such liens, are unavoidable pursuant to 11 U.S.C. § 547(c)(6).

(xii)  The Transfers were made while the Debtor was insolvent.

(c)  CONTESTED ISSUES/LAW AND CITATIONS OF LEGAL AUTHORITY

    (i)  Plaintiff's Statement

        (1)  Once the debtor has established that a payment constitutes an avoidable preference under Section 547(b), the burden shifts to the transferee to demonstrate by a preponderance of the evidence that one of the exceptions to avoidance is applicable. See, 11 U.S.C. § 547(g); see e.g., *Trinkoff v. Porter Supply Co. (In re Daedalean, Inc.)*, 193 B.R. 204, 211 (Bankr. D. MD. 1996).

        (2)  The trustee is allowed to avoid pre-bankruptcy transfers that occur within a short period prior to bankruptcy, [so that] creditors are discouraged from racing to the courthouse to dismember the debtor during his slide in to bankruptcy. Report of the Committee on the Judiciary, Bankruptcy Law Revision R.H. Rep. No. 595, 95th Congress 1st sess. 177 (1977).

        (3)  The preference provisions facilitate the prime bankruptcy policy of a equality of distribution among creditors of the debtor. *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1355 5th Cir. 1986) (quoting the aforementioned House Report).

        (4)  547(b)(5): As long as the transfers diminish the bankrupt's estate available for distribution, creditors who are allowed to keep the transfers would be enabled to receive more than their share.

> *Barash v. First Gallesburg Nat. Bank*, 658 F.2d 504 (7th Cir. 1981).

(5) Whether the Transfer was made in the ordinary course of business or financial affairs of the Debtors and Defendant pursuant to 11 U.S.C. § 547(c)(2)(B).

Plaintiff's Legal Authorities:

> In re Molded Acoustical, 18 F.3d 224(3d Cir. 1994);
>
> In re Color Tile v. CBA 239 BR 875
>
> In re Cherrydale Farms, 2001 WL 1820323 (Bankr. D. Del. 2001);
>
> In re Falghurm Construction Corp, 72 F.2d. 739, 743(6th Cir. 1989)
>
> In re First Jersey Securities, 180 F.3d 504 (3d Cir. 1999
>
> In re Industrial Steel Supply Corp., 127 B.R. 62 (N.D. Fla. 1991), Aff'd,

961 F.2d 1582 (11th Cir. 1992). The ordinary course of business exception to the Trustee's preference-avoiding power, which apparently Siemen's will rely upon in defending this case, is an exception which is narrowly interpreted.

(6) Whether the Transfer was made according to ordinary business terms pursuant to 11 U.S.C. § 547(c)(2)(C).

Plaintiff's Legal Authorities:

> In re Molded Acoustical, 18 F.3d 224(3d Cir. 1994);
>
> In re Color Tile v. CBA 239 BR 875
>
> In re Cherrydale Farms, 2001 WL 1820323 (Bankr. D. Del. 2001);
>
> In re Falghurm Construction Corp, 72 F.2d. 739, 743(6th Cir. 1989)

       In re First Jersey Securities, 180 F.3d 504 (3d Cir. 1999

    (ii)    Defendant's Statement

        (1)    See Exhibit C, Defendant's Proposed Findings of Fact and Conclusions of Law

(d)    SCHEDULES;

    (i)    JOINT LIST OF EXHIBITS:

        (1)    Exhibit "B"

(e)    Potential Witnesses

    (i)    PLAINTIFF'S PROPOSED WITNESSES:

        (1)    Elaine Agee (WILL CALL)

        (2)    Michael Newsom (WILL CALL)

        (3)    Dean Vomero (MAY CALL)

    (ii)    DEFENDANT'S PROPOSED WITNESSES

        (1)    Charles Ramsey (WILL CALL)

        (2)    Tony Cortez (MAY CALL)

        (3)    Audrey Kerley (WILL CALL)

        (4)    Royal Smith (MAY CALL)

        (5)    Stan Diamond (WILL CALL)

        (6)    Dave Fredde (MAY CALL)

        (7)    William Holley (MAY CALL)

        (8)    Wally Kornglebel (MAY CALL)

(f)   QUALIFICATIONS OF EXPERT WITNESSES

No expert witnesses were designated.

(g)   Depositions To Be Read Into Evidence; Objections Thereto

(1)   Deposition of Richard Oshlo taken on January 14, 2005.

(h)   ITEMIZED STATEMENT OF SPECIAL DAMAGES

Plaintiff seeks the return of the payments listed on the attached Exhibit "A". Plaintiff seeks interest from the date of the filing of the Complaint. See In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 465 (6th Cir. 1991)

(i)   WAIVERS OF CLAIMS OR DEFENSES

None claimed.

(j)   The Parties Request A NON-JURY Trial

(k)   HISTORY AND STATUS OF SETTLEMENT NEGOTIATIONS

The parties have discussed settlement and have exchanged settlement offers. No settlement has been reached, but settlement discussions are ongoing and Debtor is currently reviewing a offer with the Committee.

(l)   COMPLETION OF DISCOVERY

Discovery is closed per the Court's Scheduling Order.

(m)   MOTIONS IN LIMINE

None.

(4)   Trial of this case is expected to take 1 day to 1 ½ days.

(5)   This will be a NON-JURY Trial.

(6)   This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7)   Possibility of settlement of this case was considered by the parties.

Date: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: April 4, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*Sandra G. McLamb (jeo/ with permission)*
Laura Davis Jones (DE Bar No. 2436)
Sandra G. McLamb (DE Bar No. 4283)
919 Market Street, 16th Floor
P. O. Box 8705
Wilmington, DE 19801
(302) 652-4100
(302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for DEBTOR, INACOM CORP.

Dated: April 4, 2005　　　　WARNER NORCROSS & JUDD LLP

By _____
Stephen B. Grow
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487

Brian McLaughlin (Bar No. 2462)
Kevin J. Mangan
WALSH, MONZACK, AND MONACO, P.A.
1201 Orange Street, Suite 1400
P.O. Box 2031
Wilmington, DE 19899

Attorneys for Defendant
SIEMANS DEMATIC CORP. f/k/a RAPISTAN DEMATIC CORP.